UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOHN JEDNEAK,

        **Plaintiff,**

v.                                                               Case No: 6:21-cv-350-RBD-DCI

COMMISSIONER OF SOCIAL
SECURITY,

        **Defendant.**

---

**REPORT AND RECOMMENDATION**

    This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **Unopposed Request for Authorization to Charge a Reasonable Fee Pursuant to 42 U.S.C. § 406(b) (Doc. 55)** |
| **FILED:** | **September 29, 2023** |
| **THEREON** it is **Recommended** that the motion be **GRANTED**. | |

    Plaintiff's counsel moves for an award of attorney fees pursuant to 42 U.S.C. § 406(b)(1). Doc. 55 (the Motion). Plaintiff's counsel states that following the Court's reversal of the Commissioner's decision denying disability benefits and remand of the case for further administrative proceedings, Plaintiff was awarded $45,844.00 in past-due benefits. Doc. 55 at 2. A quarter of the total amount of benefits awarded is $ $11,461.00. *See* 42 U.S.C. § 406(b)(1) (recovery of such fees under this section may not exceed 25% of the total past-due benefits).

    But Plaintiff's counsel now seeks $3,500.00 in attorney fees pursuant to § 406(b), which amount includes a substantial agreed-to reduction in the fee allowed under the parties' agreement.

Doc. 55 at 2 (25% of the past-due benefits, $11,461.00 (Appendix 2, page 3), minus the EAJA fees awarded, $784.58 (Doc. 54, page 2), equals $10,676.42, which is the amount allowed under law]; *see Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1274 (11th Cir. 2010) (holding that counsel may effectuate the refund of a smaller EAJA award by either refunding the amount awarded under the EAJA to the client or deducting that amount from counsel's request for § 406(b) fees). Upon review, the undersigned finds that Plaintiff's counsel's request for $3,500.00 in attorney fees does not run afoul of the limit imposed by § 406(b) and is reasonable under the circumstances of this case.

Accordingly, it is respectfully **RECOMMENDED** that the Motion (Doc. 55) be **GRANTED** and Plaintiff's counsel be authorized to charge and collect from Plaintiff $3,500.0 in attorney fees.

## NOTICE TO PARTIES

The party has fourteen days from the date the party is served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to serve and file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Recommended in Orlando, Florida on October 25, 2023.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy